IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEON TROTTER        PLAINTIFF

v.        No. 4:12CV66-M-V

KENNY SCOTT, ET AL.        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Leon Trotter, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On April 17, 2012, at 2:00 a.m., the defendants were conducting a shakedown of Trotter's unit, and they found a shank inside the window sill – and issue a rule violation report to both Trotter and his cell mate. The defendants found other shanks in various cells during their search. However, when the various disciplinary hearings were conducted, only Trotter was found guilty; the others received no punishment. Trotter has not alleged that he was punished for the infraction, and the copy of the rule violation report at issue did not state that he received any punishment – only a rule violation report in his institutional record. Trotter feels that this result is unfair and that the rule violation report should be removed from his record.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the

Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, Trotter has not alleged that he received any punishment; as such, he certainly has not alleged that the punishment was an atypical and significant hardship outside the normal incidents of prison life. As such, the instant case will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 26th day of October, 2012.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI